■ In the Matter of MARY R. MANNIX, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— In a proceeding under article 78 of the CPLR by a teacher to prohibit respondents from terminating her teaching license and removing her from her teaching position, the petitioner appeals from a judgment of the Supreme Court, Kings County, entered March 10, 1965 upon the petition and the return thereto, which dismissed the petition. Judgment reversed on the law and the facts, with costs, and the petition granted, with costs. Findings of fact contained in the decision of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. This disposition is without prejudice to such further proceedings not inconsistent herewith as the respondents may be advised to initiate. Petitioner, a teacher of social studies in respondents' school system, was appointed a regular teacher in June, 1960 after passing an examination. The Board of Examiners recommended that a license be issued to her " Subject to meeting preparation requirements in full by February 15, 1964." Petitioner served the maximum probationary term provided by subdivision 1 of section 2573 of the Education Law and received a certificate of permanent appointment in December, 1963, " subject to the conditions, if any, under which the Board of Examiners recommended the issuance of the license under which you were originally appointed." On January 3, 1965 petitioner was notified that her license would not be extended and would terminate on January 31, 1965 because she had failed to meet the preparation requirements in full by February 15, 1964. No hearing on charges was held. We think that petitioner had acquired tenure and may not be summarily dismissed without a hearing on charges (Education Law, § 2573, subds. 5, 7; *Matter of Glass* v. *Board of Educ.,* 21 A D 2d 891; *Matter of Kobylski* v. *Agone,* 37 Misc 2d 255, affd. 19 A D 2d 761). Subdivision 1 of section 2573 of the Education Law provides for a probationary period of not less than one year and not to exceed three years. Each person not to be recommended for appointment on tenure is to be so notified by the Superintendent of Schools not later than 60 days preceding the expiration of his probationary term. This petitioner completed the maximum probationary term of three years. She was not notified that she had not been recommended for an appointment on tenure. She received a permanent appointment subject to completing certain preparation requirements. Subdivision 5 of section 2573 of the Education Law provides that persons employed in the teaching service of the city schools who have served the full probationary period shall hold their positions during good behavior and efficient service and shall not be removed except for cause after a hearing. We think that petitioner's acquisition of tenure was not affected by the conditional language contained in the certificate of permanent appointment which she received. To hold otherwise would permit the Board of Education to extend beyond the statutory limits the probationary period during which a teacher may be summarily dismissed without charges or a hearing. " The statutory tenure terms can be changed by the Legislature but never by a board of education" (*Matter of Boyd* v. *Collins,* 11 N Y 2d 228, 233; *Kobylski* v. *Agone,* 37 Misc 2d 255, 263–264, affd. 19 A D 2d 761). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.